BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
THE HONORABLE BILL JONES, SECRETARY OF STATE, has requested an opinion on the following question:
Is the Secretary of State required to accept for filing a certificate of voluntary dissolution of a nonprofit corporation containing facsimile signatures of the directors rather than their original signatures?
 CONCLUSION
The Secretary of State is not required to accept for filing a certificate of voluntary dissolution of a nonprofit corporation containing facsimile signatures of the directors rather than their original signatures.
 ANALYSIS
When a nonprofit corporation voluntarily dissolves, a majority of the directors "shall sign" a certificate of dissolution for filing with the Secretary of State. (Corp. Code, § 6615) We are advised that some nonprofit corporations may have 50 or more directors on their governing boards. The question presented for resolution is whether the Secretary of State must accept for filing a certificate of dissolution that contains the facsimile signatures of the directors rather than their original signatures. While execution of facsimile signatures may be more convenient for the corporation's directors, we conclude that the Secretary of State is not required to accept for filing such certificates without original signatures.
We note at the outset that a public officer has only such powers as have been conferred by law, expressly or by implication. (75 Ops.Cal.Atty.Gen. 1, 5 (1992) [Secretary of State]; 67 Ops.Cal.Atty.Gen. 325, 330 (1984) [Director of Industrial Relations]; 65 Ops.Cal.Atty.Gen. 467, 468 (1982) [Governor]; 63 Ops.Cal.Atty.Gen. 840, 841 (1980) [State Treasurer].) Hence, the duty of the Secretary of State is to comply with the statutes pertaining to that office. (62 Ops.Cal.Atty.Gen. 365, 368 (1979).)
We further note that with respect to a statutory grant of authority, there is an implied negative: no power may be exercised that is in excess of the granted authority. (Wildlife Alive v. Chickering (1976)18 Cal.3d 190, 196; 81 Ops.Cal.Atty.Gen. 80, 84 (1998).) Moreover, a legislative articulation of specific statutory authorization in one respect indicates the absence of such authority in related respects. (Safer v. Superior Court (1975) 15 Cal.3d 230, 238.)
Accordingly, it is apparent that the Corporations Code provisions governing nonprofit corporations require original signatures on certificates of dissolution presented for filing with the Secretary of State. However, does a different statutory scheme, the Uniform Electronic Transactions Act (Civ. Code, §§ 1633.1-1633.17; "Act")[1]
mandate a different conclusion? The Act was adopted in 1999 by the Legislature and applies to electronic records and electronic signatures relating to a transaction[2] between parties, each of whom has agreed to conduct the transaction electronically. (§§ 1633.3, subd. (a), 1633.5, subd. (b).) "Except as otherwise provided in [the Act], the effect of any of its provisions may be varied by agreement." (§1633.5, subd. (d).) Among the substantive provisions of the Act, section 1633.7 provides:
 "(a) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form.
 "(b) A contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation.
 "(c) If a law requires a record to be in writing, an electronic record satisfies the law.
 "(d) If a law requires a signature, an electronic signature satisfies the law."
We are primarily concerned here with section 1633.7, subdivision (d). Would an electronic signature, such as a facsimile signature, satisfy the original signature specification for filing a certificate of dissolution with the Secretary of State under the terms of Corporations Code section 6615? We believe the Act does not require the Secretary of State to file documents containing facsimile signatures in place of original signatures.
First, the Act "does not require a record or signature to be created, generated, sent, communicated, received, stored, or otherwise processed or used by electronic means or in electronic form." (§ 1633.5, subd. (a).) The Secretary of State thus need not receive or store a document that does not satisfy an original signature prerequisite.
Second, as previously noted, the Act applies to transactions between parties, each of whom has agreed to conduct the transactions electronically. (§§ 1633.3, subd. (a); 1633.5, subd. (b).) While a government agency may be a party to a transaction, as when it enters into such conduct or agreement with another public or private entity, the filing or recordation of a document concerning the transaction does not render the act of filing or recordation itself a new "transaction" or make the public agency a "party" to the original transaction. Even assuming otherwise, the public agency need not agree to conduct the transaction electronically.
Finally, the reference in subdivision (d) of section 1633.7 to "a law requir[ing] a signature" must be construed in context as pertaining only to the subject of the enactment, i.e., the legal effect and enforceability of the transaction itself (e.g., § 1624
[contracts in writing and subscribed by the parties]) and not to the filing or recordation of a document reflecting the transaction.
The Corporations Code provisions referred to at the outset, on the other hand, pertain specifically to the prerequisites for the filing of a certificate of dissolution by a nonprofit corporation. We do not deem the Corporations Code provisions to be concerned with the same subject matter as the Act. Both statutory schemes may be given independent effect in their entireties.
It is concluded that the Secretary of State is not required to accept for filing a certificate of voluntary dissolution of a nonprofit corporation containing facsimile signatures of the directors rather than their original signatures.
[1] All further statutory references are to the Civil Code unless otherwise specified.
[2] "`Transaction' means an action or set of actions occurring between two or more persons relating to the conduct of business, commercial or governmental affairs." (§ 1633.2, subd. (o).)